IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RICHARD FREYTES, et al.,

    Plaintiffs,

v.                                             CIVIL NO. 98-1324 (RLA)

HERSHEY FOODS CORPORATION,
et al.,

    Defendants.

## ORDER DISMISSING THE COMPLAINT AS TIME-BARRED

Defendant has moved the Court to dismiss the complaint filed in the instant case. The Court having considered the evidence submitted by the parties as well as the applicable law hereby finds that plaintiffs' claim for tortious interference is time-barred and, therefore, must be dismissed.

**PROCEDURAL BACKGROUND**

This action was initially filed in State Court on **March 2, 1998** against HERSHEY FOODS CORPORATION ("HERSHEY") and its local sales manager alleging tortious interference with plaintiff's resale of HERSHEY's products in certain parts of the Island. The case was removed to this forum and the claims asserted against the individual defendant dismissed by the Court for failure to state a colorable

claim.[1] HERSHEY, the only remaining defendant, has moved the Court to dismiss the complaint as untimely filed.[2]

### THE FACTS

The following facts are not in controversy.

HERSHEY is a manufacturer and supplier of confectionary products.

Plaintiff, RICHARD FREYTES ("FREYTES"), became a customer of HERSHEY prior to 1990.

For twenty-five years, beginning in the 1960's, FREYTES placed purchase orders in Puerto Rico from HERSHEY CHOCOLATE USA, a division of HERSHEY, for certain HERSHEY products, primarily chocolate candies.

FREYTES resold the products purchased from HERSHEY to individual retailers, including grocery stores, located within the East and Central geographic regions of Puerto Rico.

On or about **1994 or 1995** FREYTES's customers began to purchase HERSHEY products directly from HERSHEY.

On or about **1994 or 1995** FREYTES verbally communicated to HERSHEY'S sales supervisor, NELSON GUILLOTY, and HERSHEY's sales

---

[1] See Order Dismissing Individual Defendant and Denying Motion to Remand, filed on July 21, 1998 (docket No. 11).

[2] Given our disposition of this case there is no need to address the other grounds submitted by defendant in support of its petition for dismissal.

CIVIL NO. 98-1324 (RLA)                                      Page 3

---

manager, JUAN PABLO MENDOZA, that HERSHEY'S competition was affecting his profits by causing him to lose his clientele.

On **November 18, 1997** FREYTES wrote a letter to HERSHEY's Credit Department evidencing the return of unsold merchandise and advising that he would no longer buy HERSHEY's products.

Prior to the filing of the complaint on **March 2, 1998** FREYTES made no claim against HERSHEY for alleged damages resulting from HERSHEY's sale of its products to plaintiff's retail customers.

## STATUTE OF LIMITATIONS

The only claim asserted in the complaint is defendant's alleged tortious interference with plaintiffs' resale of HERSHEY products to retailers in certain geographic regions in Puerto Rico[3] which is subject to the one-year statute of limitations provided for in P.R. Laws Ann. tit. 31, § 5298 (1990). <u>Borg Warner Int'l Corp. v. Quasar Co.</u>, 95 JTS 30. A tort action "accrues - and the [one year]

---

[3] Counsel for plaintiffs indicated that there was no distribution contract between the parties and that there are no claims asserted in this case under the distribution laws of Puerto Rico, including law 75. He specifically stated for the record that the complaint was premised on defendant's tortious interference with plaintiff's relationship with the small retailers he sold chocolates to, i.e., his clients.

See Minutes of Initial Scheduling Conference Held on August 20, 1998 (docket No. 15) at p.2.

prescriptive period ... therefore begins to run - when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor." Tokyo Marine & Fire Ins. v. Perez & Cia., 142 F.3d 1, 3 (1st Cir. 1998). See also Rodriguez-Suris v. Montesinos, 123 F.3d 10, 13 (1st Cir. 1997) and Borg Warner, 95 JTS at 722.

Plaintiffs argue that the claim accrued in **1997** when FREYTES was allegedly forced to discontinue his business due to the drop in sales based on HERSHEY's competition. However, in his deposition plaintiff testified that in **1994 or 1995** his clients commenced turning down the merchandise because defendant had offered them the same products at lower prices. Thus, it is undisputed that FREYTES learned about HERSHEY's direct sales to his customers in this period of time. It is at that time that the claim for tortious interference accrued since FREYTES immediately became aware both of the detrimental effect HERSHEY's undertakings had upon his sales and the identity of the alleged wrongdoer. Therefore, the one-year term expired at the latest in **1996.** The fact that he was not yet aware of the precise measure of the damages to his business is of no consequence. Borg Warner, 95 JTS at 72.

Absent evidence that plaintiffs submitted any claim - judicial or otherwise - demanding relief for the alleged tortious conduct prior to the filing of the complaint in **1998**, the one-year term was

AO 72
(Rev 8/82)

CIVIL NO. 98-1324 (RLA)                                          Page 5

not tolled and the complaint is, therefore, untimely. <u>Tokyo Marine</u>, 142 F.3d at 4.

## CONCLUSION

Based on the foregoing, defendant's Motion for Summary Judgment (docket No. **31**)[4] is **GRANTED** and the complaint filed in this case is **DISMISSED AS TIME-BARRED**.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 8th day of February, 2000.

RAYMOND L. ACOSTA
United States District Judge

---

[4] <u>See</u> Plaintiff's Opposition... (docket No. **32**) and defendant's Reply... (docket No. **33**).